# In the United States Court of Federal Claims

|  |  |  |
|---|---|---|
| ENSIGN-BICKFORD AEROSPACE & DEFENSE COMPANY, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 13-57C |
| v. | ) ) | (Filed: June 23, 2015) |
| THE UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) ) ) | |

## ORDER OF DISMISSAL

On May 26, 2015, more than two years after plaintiff Ensign-Bickford Aerospace & Defense Company, ("Ensign-Bickford") filed its complaint in this court, plaintiff moved for a voluntary dismissal of this action pursuant to Rule 41(a)(2) of the Rules of the Court of Federal Claims ("RCFC"). The government indicated that it did not oppose Ensign-Bickford's motion, but, "to avoid prejudice to the government in defending against a new lawsuit," it "proposed certain terms and conditions to be imposed on the dismissal." Def.'s Mot. for Status Conference 1, ECF No. 80. The government further indicated that it had informed Ensign-Bickford of the proposed terms and conditions, that Ensign-Bickford objected to some of those terms and conditions, and that the parties were at an impasse. Id. at 2.

Shortly thereafter, Pacific Scientific Energetic Materials Company (California), LLC and Pacific Scientific Energetic Materials Company (Arizona), LLC (collectively, "Pacific Scientific"), an interested third-party admitted to the protective order in this case, moved to intervene for the purpose of protecting its trade secrets and proprietary information and proposed

an additional condition for any order of dismissal—namely, that Ensign-Bickford promptly return or destroy (with certification) all of the confidential documentation that Pacific Scientific produced pursuant to a protective order in a related case in the District of Arizona. Pacific Scientific's Resp. to Pl.'s Mot. to Dismiss, ECF No. 82.

The Court held a status conference, during which it appeared that Ensign-Bickford agreed to the essence, if not the language, of the government's and Pacific Scientific's proposed conditions, and the Court ordered the parties to file a joint, proposed order of voluntary dismissal setting forth the conditions in agreed-upon language. Order, June 11, 2015, ECF No. 83. Again, however, the parties failed to reach a complete agreement, and the government and Pacific Scientific filed a proposed order, which Ensign-Bickford did not join. Specifically, Ensign-Bickford raised the concern that the government and Pacific Scientific's proposed order did not require all of the parties to return or destroy confidential documents. Ensign-Bickford also argued that the provision that would convert the dismissal into one with prejudice if Ensign-Bickford fails to comply with the conditions would put Ensign-Bickford at risk of losing its right to file a future lawsuit due to even an inadvertent failure.

The Court has considered all parties' views. It agrees with Ensign Bickford that the obligation to destroy/return documents should apply to all parties. It also agrees that this voluntary dismissal without prejudice should not be converted to a dismissal with prejudice based on an inadvertent failure to comply with the conditions set forth in the Court's order. Accordingly, the Court orders the following, which incorporates the terms on which all parties agree and also addresses these concerns raised by Ensign-Bickford:

Plaintiff's RCFC 41(a)(2) motion is **GRANTED**, and this action is hereby **DISMISSED** without prejudice. Dismissal without prejudice, however, is contingent upon the four terms and conditions set forth below:

1. The parties have no duty to preserve evidence beyond existing document retention and destruction policies until the date a new lawsuit under 28 U.S.C. § 1498 is filed, or an administrative claim is filed pursuant to FAR 227.7004. In other words, the parties have no basis to "reasonably anticipate litigation" with plaintiff as to the patents in suit until the date a new lawsuit is filed under 28 U.S.C. § 1498, or an administrative claim is filed pursuant to FAR 227.7004;

2. In any new lawsuit under 28 U.S.C. § 1498 as to the patents in suit, Plaintiff will serve early infringement contentions and proposed claim constructions before the government's invalidity contentions and responsive proposed claim constructions are served;

3. In any new lawsuit under 28 U.S.C. § 1498 as to the patents in suit, Plaintiff will provide the Government with the last known address and last known phone number and email address, if available, for Mr. Michael Gerace; and

4. Within thirty (30) days of this Order, Plaintiff, Defendant, and third-party intervenors Pacific Scientific Energetic Materials Company (California), LLC and Pacific Scientific Energetic Materials Company (Arizona), LLC, are to destroy or return all "CONFIDENTIAL" and "OUTSIDE COUNSEL ATTORNEYS' EYES ONLY" material produced in Civil Action No. CV-10-02252-PHX-JRG in the United States District Court for the District of Arizona, and certify that this destruction or return has occured. Outside counsel for Plaintiff, Defendant, and third-party intervenors are entitled to retain an archival copy of court papers and attorney work product provided that any such material is maintained and protected as if it were designated

"COMPETITION SENSITIVE, SUBJECT TO PROTECTIVE ORDER" in accordance with the terms of the Protective Order of this Court.  ECF No. 13.

This dismissal will become WITH PREJUDICE if Plaintiff fails to satisfy the conditions imposed upon it, unless such failure was inadvertent.

The Clerk is directed to enter judgment in accordance with the above.

**IT IS SO ORDERED.**

s/ Elaine D. Kaplan
ELAINE D. KAPLAN
Judge
